Bruce D. Praet, SBN 119430
FERGUSON, PRAET & SHERMAN
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705
(714) 953-5300 Telephone
(714) 953-1143 Facsimile
BPraet@aol.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.J.V., by and through his Guardian ad Litem Lidia Jacinto, individually and as successor-in-interest to Decedent SERGIO VELASCO MARTINEZ,<br><br>              Plaintiffs,<br><br>     vs.<br><br>CITY OF AVENAL, a municipal corporation; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the City of Avenal,<br><br>              Defendants. | NO. 1:18-cv-00863 DAD EPG<br><br>**DEFENDANT CITY OF ANVENAL'S ANSWER TO PLAINTIFFS' COMPLAINT; JURY DEMAND** |

COMES NOW, Defendant, City of Avenal, and answering the unverified Complaint for itself alone and pursuant to *F.R.Civ.P.,* Rule 8, admits, denies and alleges as follows:

1.     For answer to paragraph one, Defendant denies the allegations in said paragraph as phrased.

2.     For answer to paragraph two, Defendant denies the allegations in said paragraph.

1

3. For answer to paragraph three, Defendant admits that jurisdiction and venue are proper, but denies the remainder of said paragraph.

4. For answer to paragraph four, Defendant admits the allegations in said paragraph.

5. For answer to paragraph five, Defendant admits the allegations in said paragraph.

6. For answer to paragraph six, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies same.

7. For answer to paragraph seven, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies same.

8. For answer to paragraph eight, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies same.

9. For answer to paragraph nine, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies same.

10. For answer to paragraph ten, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies same.

11. For answer to paragraph eleven, Defendant denies the allegations in said paragraph as phrased.

12. For answer to paragraph twelve, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies same.

13. For answer to paragraph thirteen, Defendant denies the allegations in said paragraph.

14. For answer to paragraph fourteen, Defendant denies the allegations in said paragraph.

15. For answer to paragraph fifteen, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies same.

16. For answer to paragraph sixteen, Defendant denies the allegations in said paragraph including all subparts.

17. For answer to paragraph seventeen, Defendant denies the allegations in said paragraph.

18. For answer to paragraph eighteen, Defendant denies the allegations in said paragraph as phrased.

19. For answer to paragraph nineteen, Defendant denies the allegations in said paragraph.

20. For answer to paragraph twenty, Defendant denies the allegations in said paragraph.

21. For answer to paragraph twenty-one, Defendant denies the allegations in said paragraph.

22. For answer to paragraph twenty-two, Defendant denies the allegations in said paragraph.

23. For answer to paragraph twenty-three, Defendant denies the allegations in said paragraph.

24. For answer to paragraph twenty-four, Defendant denies the allegations in said paragraph.

25. For answer to paragraph twenty-five, Defendant denies the allegations in said paragraph.

26. For answer to paragraph twenty-six, Defendant denies the allegations in said paragraph.

27. For answer to paragraph twenty-seven, Defendant denies the allegations in said paragraph.

28. For answer to paragraph twenty-eight, Defendant denies the allegations in said paragraph.

29. For answer to paragraph twenty-nine, Defendant reasserts and incorporates its responses to paragraphs 1 through 28, above, as if fully set forth herein.

30. For answer to paragraph thirty, Defendant denies the allegations in said paragraph.

31. For answer to paragraph thirty-one, Defendant denies the allegations in said paragraph.

32. For answer to paragraph thirty-two, Defendant denies the allegations in said paragraph.

33. For answer to paragraph thirty-three, Defendant denies the allegations in said paragraph.

34. For answer to paragraph thirty-four, Defendant reasserts and incorporates its responses to paragraphs 1 through 33, above, as if fully set forth herein.

35. For answer to paragraph thirty-five, Defendant denies the allegations in said paragraph.

36. For answer to paragraph thirty-six, Defendant denies the allegations in said paragraph.

37. For answer to paragraph thirty-seven, Defendant denies the allegations in said paragraph

38. For answer to paragraph thirty-eight, Defendant denies the allegations in said paragraph.

39. For answer to paragraph thirty-nine, Defendant denies the allegations in said paragraph.

40. For answer to paragraph forty, Defendant denies the allegations in said paragraph.

41. For answer to paragraph forty-one, Defendant denies the allegations in said paragraph.

42. For answer to paragraph forty-two, Defendant reasserts and incorporates its responses to paragraphs 1 through 41, above, as if fully set forth herein.

43. For answer to paragraph forty-three, Defendant denies the allegations in said paragraph.

44. For answer to paragraph forty-four, Defendant denies the allegations in said paragraph.

45. For answer to paragraph forty-five, Defendant denies the allegations in said paragraph.

46. For answer to paragraph forty-six, Defendant denies the allegations in said paragraph.

47. For answer to paragraph forty-seven, Defendant denies the allegations in said paragraph.

48. For answer to paragraph forty-eight, Defendant reasserts and incorporates its responses to paragraphs 1 through 47, above, as if fully set forth herein.

49. For answer to paragraph forty-nine, Defendant denies the allegations in said paragraph as phrased.

50. For answer to paragraph fifty, Defendant denies the allegations in said paragraph as phrased.

51. For answer to paragraph fifty-one, Defendant denies the allegations in said paragraph.

52. For answer to paragraph fifty-two, Defendant denies the allegations in said paragraph.

53. For answer to paragraph fifty-three, Defendant denies the allegations in said paragraph.

54. For answer to paragraph fifty-four, Defendant denies the allegations in said paragraph.

55. For answer to paragraph fifty-five, Defendant denies the allegations in said paragraph.

56. For answer to paragraph fifty-six, Defendant denies the allegations in said paragraph.

57. For answer to paragraph fifty-seven, Defendant denies the allegations in said paragraph.

58. For answer to paragraph fifty-eight, Defendant reasserts and incorporates its responses to paragraphs 1 through 57, above, as if fully set forth herein.

59. For answer to paragraph fifty-nine, Defendant denies the allegations in said paragraph as phrased.

60. For answer to paragraph sixty, Defendant denies the allegations in said paragraph.

61. For answer to paragraph sixty-one, Defendant denies the allegations in said paragraph including all subparts.

62. For answer to paragraph sixty-two, Defendant denies the allegations in said paragraph.

63. For answer to paragraph sixty-three, Defendant denies the allegations in said paragraph.

64. For answer to paragraph sixty-four, Defendant denies the allegations in said paragraph.

65. For answer to paragraph sixty-five, Defendant denies the allegations in said paragraph.

66. For answer to paragraph sixty-six, Defendant denies the allegations in said paragraph.

67. For answer to paragraph sixty-two, Defendant denies the allegations in said paragraph.

68. For answer to paragraph sixty-eight, Defendant denies the allegations in said paragraph.

69. For answer to paragraph sixty-nine, Defendant reasserts and incorporates its responses to paragraphs 1 through 68, above, as if fully set forth herein.

70. For answer to paragraph seventy, Defendant denies the allegations in said paragraph.

71. For answer to paragraph seventy-one, Defendant denies the allegations in said paragraph.

72. For answer to paragraph seventy-two, Defendant denies the allegations in said paragraph.

73. For answer to paragraph seventy-three, Defendant denies the allegations in said paragraph.

74. For answer to paragraph seventy-four, Defendant denies the allegations in said paragraph.

75. For answer to paragraph seventy-five, Defendant reasserts and incorporates its responses to paragraphs 1 through 74, above, as if fully set forth herein.

76. For answer to paragraph seventy-six, Defendant denies the allegations in said paragraph.

77. For answer to paragraph seventy-seven, Defendant denies the allegations in said paragraph.

78. For answer to paragraph seventy-eight, Defendant denies the allegations in said paragraph.

79. For answer to paragraph seventy-nine, Defendant denies the allegations in said paragraph.

80. For answer to paragraph eighty, Defendant denies the allegations in said paragraph as phrased.

81. For answer to paragraph eighty-one, Defendant denies Plaintiffs' Prayer including all subparts.

### FIRST AFFIRMATIVE DEFENSE

82. As and for a first, separate and distinct affirmative defense, this answering Defendant alleges that the Complaint fails to state a cause of action against any of this Defendant.

### SECOND AFFIRMATIVE DEFENSE

83. As and for a second, separate and distinct affirmative defense, this answering Defendant alleges that any City of Avenal employees referred to in the Complaint as such were, and are now duly qualified, appointed and acting officers of the Avenal Police Department and peace officers of the State of California, and that at all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as police officers.

### THIRD AFFIRMATIVE DEFENSE

84. As and for a third, separate and distinct affirmative defense, this answering Defendant alleges that the City of Avenal and any of its employees referred to in the Complaint, at all times herein relevant, acted in good faith, without malice, and within the scope of their duties as police officers and other officials for the City of Avenal and as peace officers for the State of California.

### FOURTH AFFIRMATIVE DEFENSE

85. As and for a fourth, separate and distinct affirmative defense, this answering Defendant alleges that any injuries to Plaintiffs were due to and caused by the negligence and omissions of Plaintiffs and Plaintiffs' decedent to care for himself, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to the Plaintiffs and their decedent.

### FIFTH AFFIRMATIVE DEFENSE

86. As and for a fifth, separate and distinct affirmative defense, this answering Defendant alleges that any injury or damage suffered by Plaintiffs was caused solely by reason of Plaintiffs' and Plaintiffs' decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt

to discharge the duty of his office, and not by reason of any unlawful acts or omissions by this Defendant.

### SIXTH AFFIRMATIVE DEFENSE

87. As and for a sixth, separate and distinct affirmative defense, this answering Defendant alleges that the actions of this Defendant were reasonable, proper, and legal.

### SEVENTH AFFIRMATIVE DEFENSE

88. As and for a seventh, separate and distinct affirmative defense, this answering Defendant alleges that a public employee is not liable for his act or omission, exercising due care in the enforcement of any law.

### EIGHTH AFFIRMATIVE DEFENSE

89. As and for an eighth, separate and distinct affirmative defense, this answering Defendant alleges that a public employee is not liable for any injury caused by the act or omission of another person.

### NINTH AFFIRMATIVE DEFENSE

90. As and for a ninth, separate and distinct affirmative defense, this answering Defendant alleges that a public employee is not liable for an injury resulting from his act of omission where the act or omission was the result of the exercise of the discretion vested in him.

### TENTH AFFIRMATIVE DEFENSE

91. As and for a tenth, separate and distinct affirmative defense, this answering Defendant alleges that to the extent that Plaintiffs suffered any detriment, such detriment was caused or contributed to by the negligence of Plaintiffs and Plaintiffs' decedent.

### ELEVENTH AFFIRMATIVE DEFENSE

92. As and for an eleventh, separate and distinct affirmative defense, this answering Defendant alleges that to the extent that Plaintiffs suffered any detriment, such detriment was voluntarily consented to by the Plaintiffs and Plaintiffs' decedent.

## TWELFTH AFFIRMATIVE DEFENSE

93. As and for a twelfth, separate and distinct affirmative defense, this answering Defendant alleges that to the extent that Plaintiffs suffered any detriment, the risk of such detriment was assumed by Plaintiffs and Plaintiffs' decedent.

## THIRTEENTH AFFIRMATIVE DEFENSE

94. As and for a thirteenth, separate and distinct affirmative defense, this answering Defendant alleges that Plaintiffs did not suffer any detriment or damage in any amount whatsoever or at all.

## FOURTEENTH AFFIRMATIVE DEFENSE

95. As and for a fourteenth, separate and distinct affirmative defense, this answering Defendant alleges that to the extent Plaintiffs or Plaintiffs' decedent suffered any detriment, such was unavoidable.

## FIFTEENTH AFFIRMATIVE DEFENSE

96. As and for a fifteenth, separate and distinct affirmative defense, this answering Defendant alleges that if it should be found that this answering Defendant is in any manner legally responsible for the damages, if any, sustained by Plaintiffs, which this Defendant specifically denies, then such damages were proximately caused or contributed to by other parties, whether plaintiffs, defendants, cross-complainants, cross-defendants, or otherwise, in this case, whether served or not served, and by other persons or entities not presently parties to this action, and it is necessary that the proportionate degree of negligence or fault of each and every said person or entity be determined and prorated and that any judgment which might be rendered against this answering Defendant be reduced not only by that degree of negligence found to exist as to other parties, but by the total of that degree of negligence or fault found to exist as to other persons or entities.

///

### SIXTEENTH AFFIRMATIVE DEFENSE

97. As and for a sixteenth, separate and distinct affirmative defense, this answering Defendant alleges that Plaintiffs have failed to comply with applicable sections of the California *Government Code* relating to claims and actions against public entities and public employees.

### SEVENTEENTH AFFIRMATIVE DEFENSE

98. As and for an seventeenth, separate and distinct affirmative defense, this answering Defendant alleges that public employees are immune from liability for acts undertaken in an official capacity, in good faith and in accordance with clearly established law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

99. As and for a eighteenth, separate and distinct affirmative defense, this answering Defendant alleges that  neither a public entity nor a public employee is liable for any injury caused by a person attempting to escape or resist arrest.

### NINETEENTH AFFIRMATIVE DEFENSE

100. As and for a nineteenth, separate and distinct affirmative defense, this answering Defendant alleges that  the force, if any, used upon Plaintiffs' decedent was reasonable and necessary under the circumstances, and that the injuries or damages allegedly suffered by Plaintiffs were due to and caused by reason of Plaintiffs' and Plaintiffs' decedent's unlawful acts and conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

101. As and for a twentieth, separate and distinct affirmative defense, this answering Defendant alleges that if any force was used upon or Plaintiffs' decedent, said force was caused and necessitated by the unlawful acts of the Plaintiffs and Plaintiffs' decedent and was necessary and reasonable to protect the Defendant and others.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

102. As and for a twenty-first, separate and distinct affirmative defense, this answering Defendant alleges that this Defendant had reasonable cause to

believe that a public offense was being committed in their presence and that Plaintiffs' decedent had committed that and other public offenses.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

103. As and for a twenty-second, separate and distinct affirmative defense, this answering Defendant alleges that Defendant is not liable for a reasonable, but mistaken belief.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

104. As and for a twenty-third, separate and distinct affirmative defense, this answering Defendant alleges that Defendant owed no statutory, constitutional or other duty to Plaintiffs or Plaintiffs' decedent and that no special relationship existed with this Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

105. As and for a twenty-fourth, separate and distinct affirmative defense, this answering Defendant alleges that the actions of this Defendant were lawful and proper and that probable cause existed for the arrest and/or detention of the Plaintiffs' decedent.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

106. As and for a twenty-fifth, separate and distinct affirmative defense, this answering Defendant alleges that the City of Avenal employees had probable cause to stop, detain and investigate the Plaintiffs' decedent and to use such force as was necessary to accomplish their lawful purpose being in all respects, reasonable, proper, necessary and legal.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

107. As and for a twenty-sixth, separate and distinct affirmative defense, this answering Defendant alleges that it had no duty to administer medical aid or assistance to Plaintiffs' decedent and, to the extent that any such duty existed, Defendant acted reasonably and without gross negligence or deliberate indifference.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

108.   As and for a twenty-seventh, separate and distinct affirmative defense, this answering Defendant alleges that these Plaintiffs have no standing to bring this action and that they have failed to comply with the provisions of *California Code of Civil Procedure* § 377 et seq.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

109.   As and for a twenty-eighth, separate and distinct affirmative defense, this answering Defendant alleges that the City of Avenal has and had no custom, policy or practice of violating the civil rights of any individual(s).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

110.   As and for a twenty-ninth, separate and distinct affirmative defense, this answering Defendant alleges that its employees were adequately trained, hired and retained as peace officers for the City of Avenal.

### THIRTIETH AFFIRMATIVE DEFENSE

111.   As and for a thirtieth, separate and distinct affirmative defense, this answering Defendant alleges that medical care was promptly summoned and provided to decedent.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

112.   As and for a thirty-first, separate and distinct affirmative defense, this answering Defendant alleges that Plaintiffs have no standing to bring any claims for emotional distress.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

113.   As and for a thirty-second, separate and distinct affirmative defense, this answering Defendant alleges that punitive damages may not be asserted against a public entity.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

114.   As and for a thirty-third, separate and distinct affirmative defense, this answering Defendant alleges that the alleged emotional distress suffered by

Plaintiffs, if at all, was not reasonably foreseeable and was not the result of any extreme or outrageous conduct by any of these Defendants.

<u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u>

115. As and for a thirty-fourth, separate and distinct affirmative defense, this answering Defendant alleges that Defendant is entitled to all other applicable immunities provided by state and federal law not specifically set forth herein and specifically reserve the right to add to or amend this Answer prior to the date of the Pre-Trial Conference in order to conform the pleadings to established evidence.

WHEREFORE, this Defendant prays for judgment against the Plaintiffs herein as follows:

1. That the within Complaint be dismissed with prejudice;
2. That the Plaintiffs take nothing by way of this Complaint;
3. For attorneys' fees pursuant to 42 U.S.C. § 1988 and *Code of Civil Procedure*, §§ 1021.7 and 1038;
4. For costs of suit incurred herein; and
5. For such other relief as this Court may deem just and proper.

DATED: October 25, 2018              FERGUSON, PRAET & SHERMAN
                                     A Professional Corporation

                                By:    /s/ Bruce D. Praet
                                     Bruce D. Praet,
                                     Attorney for Defendant

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury in the above-referenced matter.

DATED: October 25, 2018              FERGUSON, PRAET & SHERMAN
                                     A Professional Corporation

                                By:    /s/ Bruce D. Praet
                                     Bruce D. Praet,
                                     Attorney for Defendant