Bruce D. Praet, SBN 119430
FERGUSON, PRAET & SHERMAN
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705
(714) 953-5300 Telephone
(714) 953-1143 Facsimile
BPraet@aol.com

Attorneys for Defendant/Counter-Claimant City of Avenal

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.J.V., by and through his Guardian ad Litem Lidia Jacinto, individually and as successor-in-interest to Decedent SERGIO VELASCO MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF AVENAL, a municipal corporation; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the City of Avenal,<br><br>Defendants.<br>_____<br>CITY OF AVENAL,<br><br>Counter-Claimant,<br><br>vs.<br><br>M.J.V., by and through his Guardian ad Litem Lidia Jacinto, individually and as successor-in-interest to Decedent SERGIO VELASCO MARTINEZ, and ROES 1-5,<br><br>Counter-Defendants.<br>_____ | NO. 1:18-cv-00863 DAD EPG<br><br>**COUNTER-CLAIM FOR NEGLIGENCE, ASSAULT AND BATTERY, NEGLIGENCE PER SE, EQUITABLE CONTRIBUTION and DAMAGES BY CITY OF AVENAL** |

1

COMES NOW Defendant and Counter-Claimant, City of Avenal, for causes of action against Plaintiff/Counter-Defendant, Estate of Sergio Velasco Martinez, alleging as follows:

## JURISDICTION AND VENUE

1. In the interest of judicial economy, the ancillary jurisdiction of this Court is proper under F.R.Civ.P., Rule 13(a) to adjudicate these compulsory counterclaims arising out of the same occurrence as Counter-Defendants' underlying federal claims brought pursuant to 28 U.S.C. §§ 1331 and 1343(3).

2. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) in that all acts occurred in the Eastern District.

## PARTIES

3. Counter-Claimant, City of Avenal, is a municipal corporation duly formed under the laws of the State of California.

4. Counter-Defendant, Estate of Sergio Velasco Martinez, by and through MJV is the Plaintiff in the matter of *MJV, et al. v. City of Avenal, et al, USDC Case No. 1:18-cv-00863 DAD EPG* and as such, Counter-Claimant seeks recovery from Plaintiff/Counter-Defendants for injuries incurred directly and to its peace officer employees Abraham Avila and Jeff Stamper.

5. The true names and capacities of Counter-Defendant Roes 1 through 5, whether individual, corporate, associate or otherwise, are unknown to Counter-Claimant at the time of the filing of this Counter-Claim, and Counter-Claimant therefore sues said Counter-Defendants by such fictitious names and will ask leave of court to amend this Counter-Claim to show their true names and capacities when the same have been ascertained. Counter-Claimant is informed and believes and thereon alleges that each of the Counter-Defendant Roes is, in some manner, responsible for the occurrence herein alleged, and that the injuries herein alleged were proximately caused by said Counter-Defendants.

6. On or about June 21, 2018, Plaintiff filed a complaint for damages against Counter-Claimant City of Avenal and its employees Avila and Stamper (as

1  Doe Defendants) in the United States District Court, Eastern District, Case No.
2  1:18-cv-00863 DAD EPG, which was served on the City of Avenal on or about
3  October 22, 2018.
4     7.  In said Complaint it is alleged that on or about July 26, 2017,
5  Plaintiff's decedent, Sergio Martinez, sustained fatal injuries and damages that
6  were allegedly the result of an encounter with officers from the City of Avenal.
7     8.  The incident and damages referred to by Plaintiff in the
8  Complaint were proximately caused and/or contributed to by the willful acts,
9  negligence, carelessness and recklessness of Plaintiff, Counter-Defendants, and
10 each of them, as heretofore described, and not by reason of any acts or omissions
11 of this Counter-Claimant.  The City of Avenal and its peace officer employees
12 suffered injuries and damages, all as a direct and proximate result of Counter
13 Defendants' actions.

## FIRST CAUSE OF ACTION

(Negligence)

16    9.  Counter-Claimant re-alleges and incorporates by reference, each
17 and every allegation of Paragraphs 1 through 8 of this Counter-Claim as if they
18 were fully set forth below.
19    10. Each of these Counter-Defendants, individually and acting
20 together owed a general duty of care to Counter-Claimant's employees, including
21 Officer Avila and Sgt. Stamper, so as to not expose them to an unreasonable risk
22 of harm occasioned by Plaintiff/Counter-Defendant's conduct.  Counter-
23 Defendants, and each of them, breached this duty by their individual negligent and
24 reckless conduct which proximately caused Counter-Claimant's injuries and
25 damages.
26 ///
27
28 ///

## SECOND CAUSE OF ACTION

(Negligence Per Se)

11. Counter-Claimant re-alleges and incorporates by reference, each and every allegation of Paragraphs 1 through 10 of this Counter-Claim as if they were fully set forth below.

12. By doing the things described above, Counter-Defendants and each of them violated laws and ordinances of the State of California. Said laws were designed to protect Counter-Claimant and violations of these laws proximately caused Counter-Claimant's damages. Counter-Defendants' acts and conduct were carried out intentionally and with the deliberate or conscious indifference to the injurious consequences to Counter-Claimant's employees/property, thus causing Counter-Claimant to suffer loss and damages as described herein.

## THIRD CAUSE OF ACTION

(Assault and Battery)

13. Counter-Claimant re-alleges and incorporates by reference, each and every allegation of Paragraphs 1 through 12 of this Counter-Claim as if they were fully set forth below.

14. By doing the things described above, Counter-Defendants, and each of them, violated laws and ordinances of the State of California by unlawfully and improperly attacking several uniformed police officers, including Avila and Stamper with fists and a steel pipe, resulting in serious physical injuries to Counter-Claimant's employees. Counter-Defendants' acts and conduct were carried out intentionally and with the deliberate or conscious indifference to the injurious consequences to Counter-Claimant.

///

///

## FOURTH CAUSE OF ACTION
## FOR COMPARATIVE INDEMNITY
(Equitable Contribution)

15. Counter-Claimant re-alleges and incorporates by reference, each and every allegation of Paragraphs 1 through 14 of this Counter-Claim as if they were fully set forth below.

16. In the event that Counter-Claimant is required to pay damages to Plaintiff, Counter-Claimant will be entitled to be indemnified by Counter-Defendants, and each of them, on a comparative fault basis, in an amount equal to the percentage of the verdict, judgment or settlement which is proportionate to the contributing negligence, conduct or fault on the part of said Counter-Defendants, and each of them. If Defendant and Counter-Claimant is found liable for any of Plaintiff's injuries, it requests to be indemnified by Counter-Defendants.

## DAMAGES

17. Counter-Claimant re-alleges and incorporates by reference, each and every allegation of Paragraphs 1 through 16 of this Counter-Claim as if they were fully set forth below.

18. In doing the things described above, Counter-Defendants and Roes 1 through 5, intentionally, negligently and recklessly breached their general duty of care owed to Counter-Claimant, and in doing so, Counter-Claimant suffered damages, including, but not limited to medical expenses, loss of work, pain and suffering and attorney's fees.

## PRAYER

WHEREFORE, Counter-Claimant prays as follows:

1. As against all Counter-Defendants for any and all damages provable at the time of trial;

///

   2. In the event that any of the Counter-Claimant is found to be liable to Plaintiff on the Complaint, then for a judgment against the Counter-Defendants, and each of them, determining the proportionate responsibility of the Counter-Defendants for the incident and damages and for a judgment in favor of Counter-Claimant indemnifying it for a percentage of Plaintiff's judgment which is proportionate to the comparative responsibility of said Counter-Defendants, and each of them;

   3. For the costs of suit incurred herein; and

   4. For such other and further relief as this Court deems just and proper.

DATED: October 25, 2018       FERGUSON, PRAET & SHERMAN
                     A Professional Corporation

                     /s/ Bruce D. Praet
                     Bruce D. Praet
                     Attorneys for Counter-Claimant