UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.J.V.*, individually and as successor-in-interest to Decedent Sergio Velasco Martinez and by and through his guardian ad litem*, LIDIA JACINTO.<br><br>Plaintiff,<br><br>v.<br><br>CITY OF AVENAL, et al.,<br><br>Defendants. | Case No. 1:18-cv-00863-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S CASE BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>(ECF NO. 16) |

Minor Plaintiff M.J.V., individually and as successor-in-interest to Decedent Sergio Velasco Martinez ("Plaintiff"), by and through his *guardian ad litem*, Lidia Jacinto ("Jacinto"), brings this suit against the City of Avenal and Does 1 through 25 ("Defendants"), pursuing causes of action under 42 U.S.C. § 1983 and state law stemming from Decedent Sergio Velasco Martinez's death, allegedly at the hands of Avenal police officers. (ECF No. 1.)

On December 21, 2018, Plaintiff filed an application for the appointment of his biological mother, Lidia Jacinto, as his *guardian ad litem* in this matter. (ECF No. 12.) The Court granted the motion on December 30, 2018. (ECF No. 13.)

The Court set a mid-discovery status conference for June 17, 2019. On June 10, 2019, Defendants filed a unilateral mid-discovery status report in which they represented that Plaintiff's

1

counsel had been unable to contact Plaintiff and Jacinto and would be seeking to withdraw from the case. (ECF No. 14.) At the mid-discovery status conference, Plaintiff's counsel represented that he was unable to contact Jacinto and did not know her location. Plaintiff's counsel represented that this inability to contact Jacinto had stalled the discovery process.

On June 17, 2019, following the mid-discovery status conference, the Court issued an Order for Plaintiff to show cause ("OSC") why this matter should not be dismissed for failure to prosecute. (ECF No. 16.)

Plaintiff's counsel submitted a response on July 17, 2019, in which he represented that there was "continued difficulty contacting the Guardian ad Litem Lidia Jacinto, which has stalled the parties' discovery efforts." (ECF No. 17, p. 2.) More specifically, Plaintiff's counsel stated that "Lidia Jacinto's native language is Spanish, and she has considerable difficulty understanding English," and that shortly after this action was filed, Plaintiff's counsel "lost contact with her" and has been unable to communicate with her since then. (*Id.*) Plaintiff's counsel also explained that he retained the services of a private investigator to locate Jacinto, but the private investor was unable to contact her. Plaintiff's counsel also sent several letters in Spanish to Jacinto—again without success. Plaintiff's counsel further argued that the action could not be dismissed "because the claims of a minor are at stake." (*Id.*)

Defendants also filed a response to the OSC. Defendants maintain that Plaintiff's counsel misrepresented to the Court that he lost contact with Plaintiff shortly after the filing of the Complaint on June 21, 2018. Defendants point out that Plaintiff's counsel filed an application for *guardian ad litem* on December 21, 2018, which purports to bear Lidia Jacinto's signature.

Without wading into the dispute regarding Plaintiff counsel's contact with Jacinto, the Court finds it apparent that communication issues have prevented the prosecution of this case.

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. *See Link v. Wabush Railroad Co.*, 370 U.S. 626, 629-33 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). "A district judge is required to weigh several factors in determining whether to dismiss a case for lack of prosecution." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996).

These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*

The above factors favor dismissal here. The first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely waiting for Plaintiff, through the *guardian ad litem*, to participate in discovery and prosecute this case. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal discussed herein. Finally, as Plaintiff has been cautioned of the consequences of a failure to prosecute and to comply with the OSC, has been afforded the opportunity to do so, and has not done so in the months since the OSC was issued, no sanction lesser than dismissal is feasible.

However, the Court notes that "[t][he infant is the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." *Osei-Afriyie v. Medical College*, 937 F.2d 876, 882-83 (3d Cir. 1991). Based on that principle, the Ninth Circuit has instructed that a minor should not be prejudiced by the failure of his/her *guardian ad litem* to comply with court orders. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (finding that dismissal of minor's case for failure of *guardian ad litem* to obey court order should have been without prejudice). Thus, the Court recommends that any dismissal here be without prejudice, thereby giving Plaintiff a further opportunity to file this action at some later time within the statute of limitations period.

Accordingly, for the reasons set forth herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's case be dismissed without prejudice for failure to prosecute; and that
2. The Clerk of Court be instructed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being

served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 25, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE